UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

MARGARET MARSALA, WILIAM FOWLER, and
MICHAEL ROSARIO,

                                 Plaintiffs,

        -against-

CITY OF NEW YORK, STEPHEN BONUSO, ANDREW
HILLERY, MICHAEL LOPRESTI, CARL WATSON,
CESAR BRENES, STEVEN SPOSITO, JAMES POLO,
NEIVA CENTENO, CHARLES FICO, STEPHANI SANCHEZ,
JAN RAK, DOMINICK CAPUANA, "JOHN" COBATO, and
JOHN and JANE DOE 1 through 10, individually and in their
official capacities, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                             Defendants.

-------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

11 CV 5612
(SJ) (RML)

Jury Trial Demanded

       Plaintiffs MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO,

by their attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as

follows:

## PRELIMINARY STATEMENT

      1.      Plaintiffs bring this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of their civil rights,

as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

      2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

      3.      Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff MARGARET MARSALA is a fifty-five year old Hispanic American woman residing in Staten Island, New York.

7.      Plaintiff WILLIAM FOWLER is a forty-five year old African American man residing in Staten Island, New York.

8.      Plaintiff MICHAEL ROSARIO is a twenty-five year old Hispanic American man residing in Staten Island, New York.

9.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10.     Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

11.     That at all times hereinafter mentioned, the individually named defendants, STEPHEN BONUSO, ANDREW HILLERY, MICHAEL LOPRESTI, CARL WATSON, CESAR BRENES, STEVEN SPOSITO, JAMES POLO, NEIVA CENTENO, CHARLES FICO,

2

STEPHANI SANCHEZ, JAN RAK, DOMINICK CAPUANA, "JOHN" COBATO, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.  Upon information and belief, defendants Bonuso, Capuana, and Hillery held supervisory ranks at all times alleged herein.

12.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

13.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

14.    On January 30, 2009, at approximately 6:00 a.m., plaintiff WILLIAM FOWLER opened the door to exit his apartment located at 456 Richmond Terrace, apartment 5H, Staten Island, New York, when he encountered one of the defendant NYPD officers holding a battering ram in front of the apartment door.

15.    The defendant officer immediately dropped the ram, punched plaintiff FOWLER in the mouth, grabbed him, threw him to the floor, placed handcuffs on his wrists, and forcefully threw Mr. Fowler on a sofa located inside apartment 5H.

16.    The defendant officers entered the apartment and found plaintiff MARGARET MARSALA inside the apartment.

17.    The defendants pointed guns at plaintiff MARSALA, placed handcuffs on her

3

wrists, and detained her in the kitchen.

18.    The defendant officers refused to allow plaintiff MARSALA to use the bathroom. As a result, Ms. Marsala urinated on herself.

19.    Thereafter the defendant officers removed plaintiffs FOWLER and MARSALA from the apartment and imprisoned them in a police vehicle for approximately thirty minutes.

20.    While imprisoned inside the police vehicle, plaintiff MARSALA suffered an asthma attack.

21.    The defendants then transported plaintiffs FOWLER and MARSALA to the NYPD's 120th precinct stationhouse and imprisoned plaintiffs therein, despite lacking probable cause to believe that plaintiffs had committed any crime or offense.

22.    After plaintiffs FOWLER and MARSALA were removed from the apartment, plaintiff MICHAEL ROSARIO arrived at 456 Richmond Terrace, apartment 5H.

23.    The defendant officers still present in the apartment immediately arrested plaintiff MICHAEL ROSARIO, and transported him to the NYPD's 120th precinct stationhouse, despite lacking probable cause to believe that Mr. Rosario had committed any crime or offense.

24.    The defendants imprisoned all of the plaintiffs until the following day, when they were arraigned in Richmond County Criminal Court on baseless charges filed against them based on the false allegations of defendant LOPRESTI.  The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiffs for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

25.    The malicious prosecution compelled plaintiffs to appear in Richmond County Criminal Court on approximately four separate dates, until August 5, 2009, when all charges

4

filed against plaintiffs were dismissed and sealed in Richmond County Criminal Court.

26.    Defendants CAPUANO, BONUSO, and HILLERY supervised defendants LOPRESTI, WATSON, CENTENO, FICO, SANCHEZ, RAK, COBATO, and JOHN and JANE DOE 1 through 10, and approved of, oversaw, and otherwise presided over the defendants' arrest and prosecution of the plaintiffs.

27.    The defendant officers either participated in and/or failed to intervene in the illegal conduct described herein.

28.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, customs or practices of falsification and arresting everyone at the scene of search warrants irrespective of the existence of individualized probable cause, and due to discrimination against plaintiffs due to their race and/or nationality.

29.    The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affair Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the search of premises pursuant to the authority of a search warrant; the ramifications of falsification; the execution of search warrants; the treatment of innocent and/or uninvolved individuals found at the location of the execution of a search warrant; and, the use of force against such individuals.

30.    Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to

5

violate the plaintiffs' civil rights.

31.    Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

32.    As a result of the foregoing, MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO, sustained, *inter alia*, pain and suffering, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

33.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "32" with the same force and effect as if fully set forth herein.

34.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

35.    All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

36.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

6

37.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

38.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

39.     As a result of the foregoing, plaintiffs MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

40.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     Defendants arrested plaintiffs without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

42.     Defendants caused plaintiffs to be falsely arrested and unlawfully imprisoned.

43.     As a result of the foregoing, plaintiffs MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this

action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

44.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff WILLIAM FOWLER'S constitutional rights.

46.     As a result of the aforementioned conduct of defendants, plaintiff WILLIAM FOWLER was subjected to excessive force, causing pain and suffering, and emotional distress.

47.     As a result of the foregoing, plaintiffs WILLIAM FOWLER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

48.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     Defendants maliciously issued criminal process against plaintiffs MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO, by causing them to be arraigned and prosecuted in Criminal Court.

50.     Defendants caused MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO, to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

51.     As a result of the foregoing, plaintiffs MARGARET MARSALA, WILLIAM

8

FOWLER, and MICHAEL ROSARIO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

52.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.    Defendants initiated, commenced and continued a malicious prosecution against plaintiffs MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO.

54.    Defendants caused plaintiffs MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO, to be prosecuted without any probable cause, until the charges were dismissed on August 5, 2009.

55.    As a result of the foregoing, plaintiffs MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

56.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.    The defendants conduct herein were an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth

Amendment.

58.     As a result of the foregoing, plaintiffs MARGARET MARSALA, WILLIAM

FOWLER, and MICHAEL ROSARIO, were deprived of their liberty and right to substantive

due process, causing emotional distress and physical pain and suffering.

59.     As a result of the foregoing, plaintiffs MARGARET MARSALA, WILLIAM

FOWLER, and MICHAEL ROSARIO are entitled to compensatory damages in an amount to be

fixed by a jury, and are further entitled to punitive damages against the individual defendants in

an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this

action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

60.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     The defendants seized, detained, arrested, and imprisoned plaintiffs because of

plaintiffs' national origin, and/or race, or otherwise failed to intervene to prevent such treatment

committed in their presence by other NYPD officers.

62.     As a result of the foregoing, plaintiffs MARGARET MARSALA, WILLIAM

FOWLER, and MICHAEL ROSARIO were deprived of their rights under the Equal Protection

Clause of the United States Constitution.

63.     As a result of the foregoing, plaintiffs MARGARET MARSALA, WILLIAM

FOWLER, and MICHAEL ROSARIO are entitled to compensatory damages in an amount to be

fixed by a jury, and are further entitled to punitive damages against the individual defendants in

an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this

action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

64.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.    Defendants had an affirmative duty to intervene on behalf of plaintiffs MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO, whose constitutional rights were being violated in their presence by other officers.

66.    The defendants failed to intervene to prevent the unlawful conduct described herein.

67.    As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear of their safety, they were humiliated and subjected to handcuffing and other physical restraints, and plaintiff WILLIAM FOWLER was subjected to excessive force.

68.    As a result of the foregoing, plaintiffs MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

69.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.    The individual defendants personally caused plaintiffs' constitutional injury by

11

being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

71.    As a result of the foregoing, plaintiffs MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

72.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

74.    The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to: arresting individuals without probable cause merely based on their presence at the location of the execution of a search warrant and then committing perjury or manufacturing evidence or engaging in falsification in an effort to convict such individuals or to cover up abuses of authority, and using excessive force against individuals.  In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that were the moving force behind the violation of plaintiffs' rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train,

discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

75.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO.

76.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO, as alleged herein.

77.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO, as alleged herein.

78.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO, were unlawfully arrested and maliciously prosecuted, and plaintiff WILLIAM FOWLER was subjected to excessive force.

79.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO'S constitutional rights.

80.    All of the foregoing acts by defendants deprived plaintiffs MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO, of federally protected rights, including, but not limited to, the right:

A.    Not to be deprived of liberty without due process of law;

B.    To be free from false arrest/unlawful imprisonment;

C.    To be free from excessive use of force;

D.    To be free from the failure to intervene;

E.    To be free from malicious prosecution;

F.    To be free from malicious abuse of process; and

G.    To receive equal protection under law.

81.    As a result of the foregoing, plaintiffs MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO, demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       January 27, 2012

LEVENTHAL & KLEIN, LLP
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By:    _____
       BRETT H. KLEIN (BK4744)

Attorneys for Plaintiffs MARGARET MARSALA,
WILLIAM FOWLER, and MICHAEL ROSARIO

15

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

MARGARET MARSALA, WILIAM FOWLER, and
MICHAEL ROSARIO,

                                        Plaintiffs,

                                                                    11 CV 5612
                                                                    (SJ)(RML)

            -against-

CITY OF NEW YORK, STEPHEN BONUSO, ANDREW
HILLERY, MICHAEL LOPRESTI, CARL WATSON,
CESAR BRENES, STEVEN SPOSITO, JAMES POLO,
NEIVA CENTENO, CHARLES FICO, STEPHANI SANCHEZ,
JAN RAK, DOMINICK CAPUANA, "JOHN" COBATO, and
JOHN and JANE DOE 1 through 10, individually and in their
official capacities, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                        Defendants.

-------------------------------------------------------------------------------X


**AMENDED COMPLAINT**


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiffs
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100