UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

| | |
|---|---|
| MICHAEL ROSARIO, Individually, and as Administrator of the Estate of MARGARET MARSALA, and WILIAM FOWLER,<br><br>                          Plaintiffs,<br><br>     -against-<br><br>CITY OF NEW YORK, STEPHEN BONUSO, ANDREW HILLERY, MICHAEL LOPRESTI, CARL WATSON, CESAR BRENES, STEVEN SPOSITO, JAMES POLO, NEIVA CENTENO, CHARLES FICO, STEPHANI SANCHEZ, JAN RAK, and DOMINICK CAPUANA,<br><br>                          Defendants. | SECOND AMENDED COMPLAINT<br><br>11 CV 5612<br>(PKC) (RML)<br><br><u>Jury Trial Demanded</u> |

------------------------------------------------------------------------------X

Plaintiffs MICHAEL ROSARIO, Individually, and as Administrator of the Estate of MARGARET MARSALA, and WILLIAM FOWLER, by their attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1.    Plaintiffs bring this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff MICHAEL ROSARIO is a 29-year-old Hispanic American residing in the State of New Jersey. He brings claims herein on his own behalf, and claims asserted on behalf of MARGARET MARSALA, in his capacity as the duly appointed Administrator of the Estate of his mother, MARGARET MARSALA, who passed away on September 19, 2015. Mr. Rosario is authorized to prosecute this action and to take other actions on behalf of Ms. Marsala's estate, including prosecuting claims that were originally commenced by Ms. Marsala before she passed away during the pendency of this litigation, pursuant to the Order of the Honorable Robert J. Gigante, Surrogate for Richmond County, dated August 22, 2016.

7. Plaintiff WILLIAM FOWLER is a 50-year-old African American man residing in Staten Island, New York.

8. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10. That at all times hereinafter mentioned, the individually named defendants, STEPHEN BONUSO, ANDREW HILLERY, MICHAEL LOPRESTI, CARL WATSON, CESAR BRENES, STEVEN SPOSITO, JAMES POLO, NEIVA CENTENO, CHARLES FICO, STEPHANI SANCHEZ, JAN RAK, and DOMINICK CAPUANA, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties. Upon information and belief, defendants Bonuso, Capuana, and Hillery held supervisory ranks at all times alleged herein.

11. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On January 30, 2009, at approximately 6:00 a.m., plaintiff WILLIAM FOWLER opened the door to exit apartment 5H, located at 456 Richmond Terrace, Staten Island, New York, when he encountered one of the defendant NYPD officers holding a battering ram in front of the apartment door.

14. The defendant officer immediately dropped the ram, punched plaintiff FOWLER in the mouth, grabbed him, threw him to the floor, placed handcuffs on his wrists, and forcefully threw Mr. Fowler on a sofa located inside apartment 5H.

15. The defendant officers entered the apartment and found MARGARET

MARSALA inside the apartment.

16. The defendants pointed guns at MARGARET MARSALA, placed handcuffs on her wrists, and detained her in the kitchen.

17. The defendant officers refused to allow MARGARET MARSALA to use the bathroom. As a result, Ms. Marsala urinated on herself.

18. The defendant officers thereafter removed FOWLER and MARSALA from the apartment and imprisoned them in a police vehicle for approximately thirty minutes.

19. While imprisoned inside the police vehicle, MARGARET MARSALA suffered an asthma attack.

20. The defendants then transported FOWLER and MARSALA to the NYPD's 120th precinct stationhouse and imprisoned them therein, despite lacking probable cause to believe that said plaintiffs had committed any crime or offense.

21. After plaintiffs FOWLER and MARSALA were removed from the apartment, plaintiff MICHAEL ROSARIO arrived at 456 Richmond Terrace, apartment 5H.

22. The defendant officers still present in the apartment immediately arrested plaintiff MICHAEL ROSARIO, and transported him to the NYPD's 120th precinct stationhouse, despite lacking probable cause to believe that Mr. Rosario had committed any crime or offense.

23. The defendants imprisoned all of the plaintiffs until the following day, when they were arraigned in Richmond County Criminal Court on baseless charges filed against them based on the false allegations of defendant LOPRESTI.

24. The defendant officers created and manufactured false evidence against plaintiffs and used same against them in said legal proceedings. Specifically, defendants falsely informed attorneys with the Richmond County District Attorney's Office that they had discovered empty

bags with cocaine residue inside of a hall closet, that plaintiff ROSARIO was found in the entryway of the apartment, and further that plaintiffs personally possessed a controlled substance. These allegations were completely false and manufactured in order to justify the arrests of plaintiffs, who were not in personal or constructive possession of any illegal substances.

25. As a result of the defendant officers' false and manufactured evidence, which was utilized at plaintiffs' arraignments, bail was set on plaintiffs' cases resulting in their continued confinement. The malicious prosecution compelled plaintiffs to appear in Richmond County Criminal Court on approximately four separate dates, until August 5, 2009, when all charges filed against plaintiffs were dismissed and sealed in Richmond County Criminal Court.

26. Defendants CAPUANO, BONUSO, and HILLERY, NYPD supervisors, directly supervised defendants LOPRESTI, WATSON, CENTENO, FICO, SANCHEZ, and RAK, and approved of, oversaw, and otherwise presided over the defendants' arrest and prosecution of the plaintiffs.

27. The defendant officers either participated in and/or failed to intervene in the illegal conduct described herein.

28. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, customs or practices of falsification in narcotics related arrests, including a practice of arresting everyone at the scene of search warrants irrespective of the existence of individualized probable cause to meet quotas and earn overtime and falsifying evidence in support of said arrests.

29. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK

is aware from lawsuits, notices of claims, complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD narcotics officers, including the defendants, are insufficiently trained, and engage in a practice of falsely arresting individuals and of falsifying evidence in support of said arrests. *See e.g.* http://www.nydailynews.com/news/crime/fabricated-drug-charges-innocent-people-meet-arrest-quotas-detective-testifies-article-1.963021.

30. Moreover, in another civil rights action filed in this Circuit involving false allegations by NYPD narcotics officers, Senior Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

31. Defendant CITY OF NEW YORK was also aware, prior to the incident, that the individual defendants engaged in such practices, and lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

32. For example, the CITY OF NEW YORK is aware through the litigation and news coverage, that the defendants in this action, including without limitation, ANDREW HILLERY, MICHAEL LOPRESTI, and STEVEN SPOSITO have been sued on multiple other occasions for similar acts. *See e.g.,* http://www.nydailynews.com/new-york/staten-island-highest-number-most-sued-nypd-officers-article-1.1882160#ixzz38rVpgLGc; http://rollingout.com/2014/07/29/staten-island-dumping-ground-abusive-nypd-cops/.

33. Despite notice of the foregoing custom and practices of NYPD narcotics officers and of the lack of training of said officers, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

34. As a result of the foregoing, MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO, sustained, *inter alia*, pain and suffering, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

35. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Defendants arrested plaintiffs without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

37. Defendants caused plaintiffs to be falsely arrested and unlawfully imprisoned.

38. As a result of the foregoing, plaintiffs MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

39. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff WILLIAM FOWLER'S constitutional rights.

41. As a result of the aforementioned conduct of defendants, plaintiff WILLIAM FOWLER was subjected to excessive force, causing pain and suffering, and emotional distress.

42. As a result of the foregoing, plaintiffs WILLIAM FOWLER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Deprivation of Right to Fair Trial under 42 U.S.C. § 1983)

43. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendants created false evidence against plaintiffs MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO.

45. Defendants utilized this false evidence against plaintiffs MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO in legal proceedings.

46. As a result of defendants' creation and use of false evidence, plaintiffs MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO suffered a violation of their constitutional rights to a fair trial, as guaranteed by the United States Constitution.

47. As a result of the foregoing, plaintiffs MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in

an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. § 1983)

48. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. Defendants initiated, commenced and continued a malicious prosecution against plaintiffs MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO.

50. Defendants caused plaintiffs MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO, to be prosecuted without any probable cause, until the charges were dismissed on August 5, 2009.

51. As a result of the foregoing, plaintiffs MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

52. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendants had an affirmative duty to intervene on behalf of plaintiffs MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO, whose constitutional rights were being violated in their presence by other officers.

54. The defendants failed to intervene to prevent the unlawful conduct described

herein.

55. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear of their safety, they were humiliated and subjected to handcuffing and other physical restraints, and plaintiff WILLIAM FOWLER was subjected to excessive force.

56. As a result of the foregoing, plaintiffs MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

57. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. The individual defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

59. As a result of the foregoing, plaintiffs MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

60. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

62. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to: arresting individuals without probable cause merely based on their presence at the location of the execution of a search warrant and then committing perjury or manufacturing evidence or engaging in falsification in an effort to convict such individuals, to cover up abuses of authority, or to earn overtime compensation, and using excessive force against individuals. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that were the moving force behind the violation of plaintiffs' rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

63. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO.

64. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO, as alleged herein.

65. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO, as alleged herein.

66. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO, were unlawfully arrested and maliciously prosecuted, and plaintiff WILLIAM FOWLER was subjected to excessive force.

67. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO'S constitutional rights.

68. All of the foregoing acts by defendants deprived plaintiffs MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO, of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from false arrest/unlawful imprisonment;

    C. To be free from excessive use of force;

    D. To be free from the failure to intervene;

  E. To be free from malicious prosecution; and

  F. To be free from deprivation of the right to a fair trial.

69. As a result of the foregoing, plaintiffs MARGARET MARSALA, WILLIAM FOWLER, and MICHAEL ROSARIO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs MICAHEL ROSARIO, Individually, as Administrator of the Estate of MARGARET MARSALA, and WILLIAM FOWLER, demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
   September 22, 2016

            BRETT H. KLEIN, ESQ., PLLC
            Attorneys for the Plaintiffs
            305 Broadway, Suite 600
            New York, New York 10007
            (212) 335-0132

          By:  s/ Brett Klein
            BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

MICHAEL ROSARIO, Individually, and as Administrator
of the Estate of MARGARET MARSALA, WILIAM FOWLER,
and MICHAEL ROSARIO, Individually,

                                                          Plaintiffs,

                                                                                                   11 CV 5612
        -against-                                                                      (PKC) (RML)

CITY OF NEW YORK, STEPHEN BONUSO, ANDREW
HILLERY, MICHAEL LOPRESTI, CARL WATSON,
CESAR BRENES, STEVEN SPOSITO, JAMES POLO,
NEIVA CENTENO, CHARLES FICO, STEPHANI SANCHEZ,
JAN RAK, and DOMINICK CAPUANA,

                                                          Defendants.
--------------------------------------------------------------------------------X


## SECOND AMENDED COMPLAINT


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiffs
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132